KLAR PIQUETT MINING COMPANY, Appellant, vs. TOWN OF·
PLATTEVILLE, Respondent.

*April 12—May 2, 1916.*

*Taxation of incomes: Lessee of mine paying royalty: Deduction for
ore depletion.*

In making a return for income taxation the lessee of a mine on a
royalty basis is not entitled to make any deduction for ore de-
pletion in addition to the sum paid as royalty. Even if the lease
or right to mine is perpetual it is not, for purposes of income
taxation, equivalent to ownership.

APPEAL from an order of the circuit court · for Grant
county : GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

Action brought under sec. 1164, Stats. 1913, as amended
by ch. 478 of the Laws of 1913.

Plaintiff, a mining corporation operating under a lease,
made its income return for the year 1912 showing a gross in-
come of $148,665.42. Among other deductions it claimed
$65,000 for depreciation on ore body. The state tax commis-
sion changed such amount from $65,000 to nothing and as-
sessed an income tax of $3,861.74 more than the return of
plaintiff showed the tax to be. The excess was paid under
protest, a claim filed with the town which was disallowed, and
this action was brought to recover the alleged illegal tax.
These and other facts appearing by the complaint, the defend-
ant demurred on the ground that the complaint failed to state
a cause of action. The demurrer was sustained and plaintiff
appealed.

*J. W. Murphy,* for the appellant.

For the respondent there was a brief by *Kopp & Brunck-
horst,* and oral argument by *A. W. Kopp.*

VINJE, J. The record shows that $16,173.58 for royal-
ties, $5,000 for depreciation on equipment or plant, in addi-

tion to the customary deductions, were claimed and allowed. The claim of $65,000 depreciation on ore body was made solely on account of the depreciation of the mine by reason of the diminished quantity of ore in it after the mining operations of the year. The complaint is silent as to the duration and terms of the lease. It appears from the return, however, that a royalty was paid, presumably so much per ton. It may be assumed that plaintiff's right to mine, barring breaches of the lease, is perpetual, or endures as long as there is merchantable ore which it pays to mine. So the appeal presents the question whether the lessee of a mine paying a royalty is entitled to deduct for ore depreciation in addition to the sum paid as royalty.

Plaintiff argues that its interest in the lease is equivalent to ownership and that owners of mines are entitled to a deduction for ore depreciation, citing *U. S. v. Nipissing M. Co.* 202 Fed. 803, and *Von Baumbach v. Sargent L. Co.* 219 Fed. 31. The first case sustains the proposition to which it is cited. The last is clearly not in point, for the defendant company was a holding company organized for the purpose of collecting claims, turning the property into cash, and distributing the moneys so obtained among its stockholders. It engaged in no mining, trading, or other like business. The defendant relies upon *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509; *Stratton's Independence v. Howbert,* 231 U. S. 399, 413, 34 Sup. Ct. 136; *Alianza Co. v. Bell,* [1904] 2 K. B. 666; *Coltness I. Co. v. Black,* L. R. 6 App. Cas. 315; *Comm. v. Penn G. C. Co.* 62 Pa. St. 241; and *Comm. v. Ocean O. Co.* 59 Pa. St. 61.

The complaint does not set out the lease with sufficient fulness to warrant any expression of opinion as to the soundness of plaintiff's claim based upon rights equivalent to ownership. Nor is it necessary to express any opinion upon it so far as the merits of this case are concerned. For, however equivalent to ownership its leasehold interest is for general purposes,

it is not equivalent to ownership for purposes of income taxation. A mining company operating under a lease pays a certain sum for every ton taken out, whether such sum is stipulated in the lease or not. If it is stipulated, then it is or amounts to a royalty of so much per ton. If the lease provides for a gross sum for a given time, the amount per ton is easily ascertainable by dividing such sum by the number of tons taken out in the specified time. In other words, the lessee of a mine pays so much per unit of measurement for ore taken out of the mine, which amount is always ascertainable at the end of the period fixed upon in the lease. In the case of a gross sum paid in advance for a perpetual lease there might be considerable difficulty in determining the annual amount that should be allowed for ore mined. But we have not such a case before us. In the present case a specific sum was paid as royalty for the year and such sum was deducted from the gross proceeds of the business. By such deduction plaintiff was allowed the cost of the ore mined by it. The allowance of such cost is all the deduction it is entitled to in respect to ore. The mining of ore is equivalent to a manufacturing process in which the ore in place constitutes raw material used. *Stratton's Independence v. Howbert*, 231 U. S. 399, 34 Sup. Ct. 136. There is no more reason for allowing a lessee of a mine upon a royalty basis any deduction for depletion of ore in addition to the royalty paid than there would be to allow a manufacturer of lumber who has the right to cut and remove all the timber upon a certain section of land at so much per thousand feet a deduction, in addition to the price per thousand paid, for depletion of timber after one year's cut. Each has a right to take all there is at a certain price per unit of measurement. Each is engaged in a manufacturing process using raw material. Each is entitled to deduct the cost of such material used as a part of the cost of the manufacturing process. The fact that an unascertained quantity is bought does not entitle them to a deduction for de-

pletion any more than when a specified quantity is bought. Neither does the fact that ore is taken from under the surface of the earth change the situation. There would be just as much reason to claim a depletion for ore, in addition to cost, in the case of a manufacturing concern that has purchased a dump pile of a thousand tons at so much per ton, and has used but half of it during the tax year. It can claim with just as much truth that there is one ton less of ore in the pile after one ton is taken away as can the lessee of a mine that the quantity of ore therein is depleted one ton for every ton taken out. Both are correct as to the fact of depletion. But they are not damaged by the depletion beyond the price paid, any more than a miller is damaged by the depletion of wheat in his bin caused by his grinding it into flour. The price paid by the lessee of a mine for ore taken out measures the cost of the raw material to him in the form in which he takes it. To this, of course, must be added the cost of mining and marketing, including depreciation to plant and other proper expense connected with the business, to arrive at the total cost thereof. When such total cost has been allowed him he has been allowed all the cost he has incurred.

The claim that he is entitled to the benefit of an advantageous purchase and should be allowed as cost the reasonable value of the material used instead of its purchase price, if carried out to its logical consequences would deprive business of its chief element of profit; make the income tax law unworkable, and leave but the dregs of an income tax from business enterprises. The trial court properly sustained the demurrer to the complaint.

*By the Court.*—Order affirmed.