STATE EX REL. BUNDY, Respondent, vs. NYGAARD, County Clerk, Appellant.

*February 5—May 23, 1916.*

*Taxation of incomes: Profits on sale of stock: Capital or "income"? When status is fixed.*

1. Income, as the term is used in sec. 1, art. VIII, Const., is the profit or gain derived from capital or labor or from both combined, and it must be money or something equivalent thereto.
2. Where corporate stock purchased as an investment in 1907 for $110,000 was on January 1, 1911, of the value of $214,000, and was sold in 1914 for $214,000, no part of the last-named amount was taxable as income. The status, as capital, of the entire value of the stock being fixed when the Income Tax Law was first passed, no part thereof could be made into income by legislative enactment.

APPEAL from a judgment of the circuit court for Eau Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

The relator sued out a writ of *certiorari* to review the proceedings of the income tax board of review of Eau Claire county and the state tax commission with respect to an income tax assessed against the relator for the year 1914. The facts were undisputed. On September 1, 1907, the relator purchased 1,000 shares of the common stock of the Chippewa Valley Railway, Light & Power Company and 100 shares of its preferred stock as an investment at par, and on February 20, 1914, sold the common stock at $200 per share and the preferred stock at $140 per share, or an advance in all of $104,000. The taxing officials, following the directions of par. (d), sub. 2, sec. 1087m—2, Stats. 1913, assessed as income subject to taxation in 1914 the proportionate amount of this profit of $104,000 which the period of time between January 1, 1911, and the date of sale bears to the entire time between the date of acquisition (September 1, 1907) and the date of sale, which amount they fixed at $50,413.23. There was substantially no difference between the value of the stock January 1, 1911, and at the date of its sale. The circuit court held the assessment void, and the defendant appeals.

For the appellant there was a brief by *Fred Arnold,* district attorney for Eau Claire county, and the *Attorney General* and *E. E. Brossard,* assistant attorney general, of counsel; and the cause was argued orally by *Mr. Arnold* and *Mr. Brossard.*

For the respondent there was a brief by *Bundy & Wilcox,* and oral argument by *C. T. Bundy in pro. per.* and *Roy P. Wilcox.*

WINSLOW, C. J. (*on motion for rehearing*). When this case was originally argued and submitted in February last, six justices participated in the hearing and there was an equal division among them as to the proper judgment. The

judgment of the trial court was therefore affirmed without opinion, as is usual in such cases. A motion for rehearing was seasonably filed, and while the motion was pending another action involving precisely the same question came on to be heard in its regular order on the calendar (*State ex rel. O. H. Ingram Co. v. Wis. Tax Comm., post,* p. 311, 158 N. W. 89). At this time two changes had taken place in the personnel of the sitting bench, and it was considered that the last-named case and the motion for rehearing ought to be considered together, in order that a conclusion on the merits might, if possible, be reached, applicable to both cases.

The arguments have now been heard and the court is of opinion that both cases were correctly decided in the trial courts.

The Income Tax Law (sec. 1087m—1, Stats. 1913) provides for the levying of a tax on "incomes received during the year ending December 31, 1911, and upon incomes received annually thereafter," and in sub. 2 of sec. 1087m—2 defines the term "income." Par. (d) of the last-named subsection provides that the term "income" shall include "all profits derived from the transaction of business or from the sale of real estate or other capital assets; provided, that of the profits derived from the sale of real estate or other capital assets acquired previous to January 1, 1911, only such proportion shall be taxable as the time between January 1, 1911, and the date of sale bears to the entire time between the date of acquisition and the date of sale."

In the present case it appears without dispute that the relator on January 1, 1911, owned stock which he had purchased as an investment more than four years previously which was of the value of $214,000, and that on February 20, 1914, he sold the same for $214,000. Upon these facts the court now reaches the conclusion that there is in fact no income in the present case within the meaning of that word as used in the constitution.

The constitution (sec. 1, art. VIII) permits the taxation of "incomes," and the statute (secs. 1087m—1 to 1087m—29, Stats. 1913) provides for the levying of a tax upon "incomes" received during the year.

The word "income" has a definite, well-understood meaning. No attempt was made to define it in the constitutional amendment for the reason that it carried its meaning with it. That meaning was and is the "common, ordinary meaning," as the word is used in every-day life. *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509. In brief, it may be said to be the profit or gain derived from capital or labor or from both combined. *Stratton's Independence v. Howbert,* 231 U. S. 399, 34 Sup. Ct. 136; *Income Tax Cases,* 148 Wis. 456, 513, 134 N. W. 673, 135 N. W. 164. It must be gain or profit and it must be money or something equivalent thereto. *Income Tax Cases, supra.*

"The Income Tax Law does not seek to reach property or an interest in property as such, but to reach incomes having a situs within the state or growing out of a privilege exercised or occupation conducted within the state." *State ex rel. Manitowoc G. Co. v. Wis. Tax Comm.* 161 Wis. 111, 152 N. W. 848.

"Income in the sense of tax laws is not the capital or stocks of goods in which the capital may be expended." *U. S. Glue Co. v. Oak Creek,* 161 Wis. 211, 153 N. W. 241.

When the Income Tax Law was first passed in 1911 the stock in question was held by the plaintiff and was then of the value of $214,000. This fact is admitted to be established. In the judgment of the court all of this was capital, or, in other words, property; its status was fixed; no part of it could be made into income by legislative enactment. It was subject to taxation as property under the uniformity rule but not otherwise. It is not deemed necessary to go further in the present case, although other questions were raised and elaborately discussed, among them being the question whether, if property were bought as an investment after the

passage of the law and afterwards sold at an advance, the profit could be taxed as income, and, if so, whether interest on the original investment is to be allowed in determining profits and whether dividends received should be set off against the interest.

No opinion is expressed or intimated upon these questions nor upon the other questions raised in the *Ingram Case*.

*By the Court.*—Motion denied without costs.