STATE EX REL. PFISTER and others, Respondents, vs. WIDULE, County Clerk, Appellant.

*May 17—June 12, 1917.*

*Income taxation: Dividends, when taxable: Constitutional law.*

1. Ordinary dividends of a going corporation, not declared or paid in cancellation of any stock liability, are conclusively presumed, as against stockholders, to be from earnings or profits, and are taxable as income to the stockholders receiving them.  So *held* as to dividends declared by a corporation organized to buy and improve a tract of land and resell it in lots.  *Van Dyke v. Milwaukee,* 159 Wis. 460, followed.  *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, distinguished.
2. The assessment of such dividends as income does not violate the uniformity clause of sec. 1, art. VIII, Const.
    MARSHALL, ROSENBERRY, and ESCHWEILER, JJ., dissent.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge.  *Reversed.*

This is an appeal from a judgment entered in a *certiorari* proceeding setting aside assessments of income made in 1916 by the income tax board of review of Milwaukee county and confirmed by the Wisconsin tax commission, on account of income received during the years 1912, 1913, 1914, and 1915 by the stockholders in Prospect Hill Land Company as dividends on their stock in said company.  The amount assessed aggregated $236,676, from which was deducted $22,936, being the amount upon which the corporation had been assessed during the years mentioned.

Prospect Hill Land Company, a Wisconsin corporation,

was organized January 10, 1893, with an authorized capital stock of $500,000, all of which was subscribed. There was paid in January 11, 1893, $125,000. Additional payments were made from time to time to February, 1909, when the cash payments of stockholders aggregated $388,098, which constituted the total cash payments by the stockholders. The balance, $111,902, which was later credited to the stockholders' account upon the stock subscription, came out of money distributed upon making sales of property.

The company acquired title to a tract of land now in the Eighteenth ward, city of Milwaukee, known as Prospect Hill, January 19, 1893, at the price of $425,000, of which $125,000 was paid in cash and a mortgage given to secure the balance, $300,000, plus $2,660 accrued interest. Work was immediately commenced by the company and expenditures made in platting, making streets, sidewalks, sewers, etc., and fitting the land for an exclusively residential subdivision, the expenditures amounting to $219,511.85. The land was purchased and held for resale and sold in lots. The reasonable value of the property January 1, 1911, was fixed by the company at $1,096,601, which exceeded the purchase price, improvements, and expenditures by $329,784.34. It also appears from the evidence that between January 1, 1911, and January 1, 1916, the value of the real estate held by the company decreased in value about thirty per cent. and that it is unlikely that the property will again rise in value.

The articles of association authorized the company to sell and deal in real estate generally and to make all necessary contracts. The company, however, has not up to the time of levy of the tax in question purchased or owned real estate, other than the Prospect Hill subdivision, with the exception of six lots outside of said subdivision.

Separate actions were commenced by each of the relators, which were later consolidated into one action by stipulation of counsel.

Error is assigned in holding that the dividends declared in 1912, 1913, 1914, and 1915 by the Prospect Hill Land Company to its stockholders were not subject to taxation as "income" under the Wisconsin Income Tax Law, and in reversing and setting aside the assessments as made by the income tax board of review and confirmed by the Wisconsin tax commission.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, *William L. Tibbs,* special assistant district attorney, and *Daniel W. Sullivan,* assistant district attorney; and the cause was argued orally by *Mr. Sullivan* and *Mr. Brossard.*

For the respondents there was a brief by *Lawrence A. Olwell* of Milwaukee, and oral argument by *Mr. Olwell* and by *Mr. C. T. Bundy* of Eau Claire.

KERWIN, J.    Dividends derived from stock in a corporation are "income" within the meaning of the law.    Sec. 1087*m*—2, Stats.    The present case is ruled by *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509, therefore little need be said here.    In the *Van Dyke Case* it was held that ordinary dividends derived from stock are conclusively presumed as against stockholders to be earnings or profit, therefore income under the Wisconsin Income Tax Law.    *Van Dyke v. Milwaukee, supra; Klar Piquett M. Co. v. Platteville,* 163 Wis. 215, 157 N. W. 763; *Von Baumbach v. Sargent L. Co.* 242 U. S. 503, 37 Sup. Ct. 201; *State ex rel. Sallie F. Moon Co. v. Wis. Tax Comm., post,* p. 287, 163 N. W. 639.

But it is argued that what was distributed in the instant case as dividends was not in fact income even though called dividends.    This position is directly contrary to the statute, sub. 2 (b), sec. 1087*m*—2.    *Van Dyke v. Milwaukee, supra;*

*Stratton's Independence v. Howbert,* 231 U. S. 399, 34 Sup. Ct. 136.

The contention that the dividends in question were not ordinary dividends declared by a going corporation, hence not income, is without merit, as shown by the cases heretofore cited. There is no claim here that the dividends were declared in cancellation of stock liability or that any stock was in fact canceled, therefore we need not consider or decide such a case.

It is also contended that the assessments in the instant case violate the uniformity clause of sec. 1, art. VIII, of the constitution of the state of Wisconsin. No lack of uniformity is presented in the instant case. All dividends of all stockholders of corporations are reached with the exception mentioned in the *Van Dyke Case.* The classification is proper and violates no constitutional provision. *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627; *Chicago & N. W. R. Co. v. State,* 128 Wis. 553, 108 N. W. 557; *Stanton v. Baltic M. Co.* 240 U. S. 103, 36 Sup. Ct. 298.

Respondent relies upon *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87. That case is distinguishable from the instant case as pointed out in the opinion.

Counsel for respondent also relies upon *Von Baumbach v. Sargent L. Co.* 207 Fed. 423, and *Lynch v. Turrish,* 236 Fed. 653. The *Von Baumbach Case* was overruled in *Von Baumbach v. Sargent L. Co.* 242 U. S. 503, 37 Sup. Ct. 201. In *Lynch v. Turrish, supra,* it will be seen that the learned judge who wrote the opinion failed to observe the difference between the law upon which that case was decided and the Wisconsin law, as pointed out by Justice Vinje in *State ex rel. Sallie F. Moon Co. v. Wis. Tax Comm., post,* p. 287, 163 N. W. 639.

We are convinced that the court below was in error and that the judgment below must be reversed.

*By the Court.*—The judgment is reversed, with costs, and the cause remanded with instructions to affirm the assessment of income made by the income tax board of review of Milwaukee county and confirmed by the Wisconsin tax commission.

MARSHALL, J. (*dissenting*).    I think the decision in *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87, supports that of the circuit court and requires an affirmance of the judgment. ·

When the *Nygaard Case* was decided, I understood the intention was to hold that "income," as used in sec. 1, art. VIII, of the constitution, means gains or profits derived from labor or capital or both, reduced to money or the equivalent; that such meaning was carried into the statute as to income taxes; that such statute, as of the date of its enactment, fixed the status of property then in existence and that it could not thereafter be turned into income, in a constitutional sense.    It seems the logic thereof is that all property of a corporation at the date of the Income Tax Law, as regards thereto, is capital assets and cannot be made income to the stockholders by a distribution in the form called dividends, in case of such corporation being a mere holding body, as in this case.

The Prospect Hill Land Company was not a business concern.    It merely held the title to a tract of land to realize thereon and divide the proceeds among its stockholders.    It had the property which was distributed, at the time of the passage of the Income Tax Law.    It was more valuable then than when distributed.    The distribution did not involve any profit to the corporation nor to the stockholders, in a just and proper sense, which accrued after such passage.    Why does not the logic of *State ex rel. Bundy v. Nygaard* then rule the situation?    How can capital assets, fixed as such at the time of passage of the Income Tax Law, and in effect impressed

as such by such law, be made income of the equitable owners, in a constitutional sense, by a distribution to them? By such distribution each obtained his aliquot part of the capital assets, lessened somewhat in value, as they existed at the time of the passage of the Income Tax Law. If the corporation had made a return to the assessor of incomes before the distribution, it would not have, rightfully, included any part of the distributioned shares.

Many illustrations might be suggested, demonstrating, as it seems, the inconsistency of the decision now with *State ex rel. Bundy v. Nygaard* and the injustice of it as well. I will rest by giving one showing where such decision will lead.

If a person should adopt the common method of dividing his property between the members of his family without, presently, disorganizing it, of forming a corporation as a holding company and trustee, the shares of stock being made only large enough to admit of the desired division, and very small in proportion to the value of the property, and then distributing it, and the property is subsequently converted into money, without any addition thereto of value, and divided,. the shares would be reckoned as assessable income in the hands of the distributee, notwithstanding sec. 1087m—4, making "inheritances, devises, bequests and gifts received during the year," not assessable as incomes. The entire property without any gain by the mere transition from the corporation would be converted into assessable income. *State ex rel. Bundy v. Nygaard,* adhered to, in its unanswerable logic, in my judgment, would render such an unreasonable administration impossible.

I do not care to say more about the decision in *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509, than that the court there dealt with the ordinary dividends of a corporation made out of profits from business operations which were not readily traceable to the origin as to time. It did not involve, as here, a mere distribution of the property of a holding cor-

poration. So far as it was there said that every distribution to stockholders in excess of capital stock, creates income in the hands of each, regardless of whether the subject of distribution existed before the passage of the Income Tax Law, I think it is wrong. The situation is no different in this case, as I see it, than if the corporation had, without formal action denominating the distribution share, dividends, or converting the property into money, deeded to each stockholder his equitable part of the land, just as an individual trustee might do. No one would claim, I apprehend, if the value of the interest was no greater when received than at the time of the passage of the Income Tax Law, that it would include assessable income.

ROSENBERRY, J., concurs in the foregoing dissenting opinion.

ESCHWEILER, J. (*dissenting*). I think that what was done in this case was a distribution of property and not of income and that it is squarely within the ruling of this court in *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87. I do not think that the mere giving of a name to a thing in matters of this kind determines its real character either for or against the state. I cannot agree, therefore, with what was said in the case of *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509, that there is a conclusive presumption as against stockholders that what has been denominated dividends is earnings or profit. Such a presumption may well exist, but it ought not to be a conclusive one, and neither the state nor the individual should be foreclosed from having their respective rights and liabilities determined upon the substance instead of the name of things.