STATE EX REL. NUNNEMACHER and others, Respondents, vs. WIDULE, County Clerk, Appellant.

*May 17—June 12, 1917.*

*State ex rel. Pfister v. Widule, ante,* p. 48, followed.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Reversed.*

This is an appeal from a judgment entered in a *certiorari* proceeding, setting aside the assessments of income made in the year 1916 by the income tax board of review for Milwaukee county and confirmed by the Wisconsin tax commission, on account of moneys received during the year 1915 by respondents, stockholders in the Lindwurm Company, a corporation, as dividends on their stock in said company. The amount assessed to the various stockholders aggregated $30,413.87. Separate actions were commenced by the relators and afterwards consolidated by stipulation of counsel.

The Lindwurm Company was organized August 28, 1899, with an authorized capital stock of $125,000, of which $82,000 was subscribed and paid. The company was organized to purchase what was known as "The Lindwurm Farm," a tract of 160 acres located in the county of Milwaukee. The farm was purchased at a foreclosure sale for $100,000, plus $4,976.85 costs and interest, $15,000 being paid down and a mortgage given to secure the balance of $85,000. The company held the farm from 1899 until September 17, 1909, when it executed a land contract for the sale of 142.06 acres of said tract to the city of Milwaukee for park purposes for $142,060 to be paid as follows: $15,000 on delivery of the contract, and the balance, $127,000, in twenty equal annual instalments of $6,353 each, with interest at four per cent., payable semi-annually. Payments were made as agreed up to March 7, 1915, at which time with the consent of the company the total balance, $82,589, was paid. The moneys re-

ceived from the city of Milwaukee on said land contract were distributed as dividends by the Lindwurm Company to its stockholders shortly after receipt in proportion to their stock holdings and upon the dates following:

September 8, 1910.................... $5,986
March 11, 1911...................... 2,255
September 15, 1911.................. 8,405
March 14, 1912...................... 2,048
September 7, 1912................... 7,792
March 13, 1913..................... 2,478
September 5, 1913.................. 7,977
March 23, 1914..................... 1,722
September 29, 1914................. 8,200
During year 1915.................. 81,180

The distributions were in cash and denominated on the books of the corporation "stock dividends." The payments so distributed to the stockholders were considered by the company on its books as a return of capital and were so applied to the extent necessary to make full return of the $82,000 in stock outstanding.

Using as a basis the method of computation followed by the company, i. e. by considering the payments to stockholders as being a return of capital, it was considered on January 1, 1912, $65,354 in stock was outstanding (the amounts returned prior thereto amounting to $16,646). During the year 1912 the company distributed $9,840, so there remained outstanding January 1, 1913, $55,415; during the year 1913 it repaid $10,455, leaving a balance January 1, 1914, of $45,069; during 1914 it repaid $9,922, leaving a balance January 1, 1915, of $35,137; during the year 1915 the company returned to the stockholders $81,180, of which $35,137 was applied on March 26, 1915, as the balance necessary to return or pay off the amount of capital stock. The balance remaining after the credit of said $35,137 out of the total payment of $81,180 was $46,043.

12]            JANUARY TERM, 1917.            57

State ex rel. Nunnemacher v. Widule, 166 Wis. 55.

The total amount assessed to the company on account of income received by it during 1911, 1912, 1913, and 1914 as reported to the tax commission was $15,629.13. The amount so assessed to the corporation, plus what was considered by the corporation to be the balance of capital returned during 1915, $35,137, amounts to $50,766.13. This amount, which equals 62.54 of the total distribution in 1915, was allowed as a deduction, and the balance of the distribution in said year, amounting to $30,413.87, or 37.46 per cent. of the total amount of the dividend for said year, was taxed to the various stockholders in proportion to their stock holding.

After computation by the assessor of incomes of amounts deductible as set forth above, the following are the assessments which the board of review fixed and confirmed against the several relators on the moneys so received: *Louise Nunnemacher,* $4,450; *Charles F. Pfister,* $2,225; *Gerhard J. Kopmeier,* $1,112; Estate of John Elser, $2,225; *George Kuemmerlein,* $890; *Frank J. Boehm,* $445; *Edward Bulfin,* $371; *Frank E. Geilfuss,* $183; *Robert E. Hackett,* $2,039; Estate of Lydia W. Payne, $1,112; Estate of Robert Nunnemacher, $8,158.

The Lindwurm Company has never considered going into the real-estate business generally and it has never acquired or held any other property. The Lindwurm Farm had not been improved or platted. Income was received by the company from grain raised on the farm and from rent. The income received amounted practically to the taxes assessed against the property.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, *William M. Tibbs,* special assistant district attorney, and *Daniel W. Sullivan,* assistant district attorney; and the cause was argued orally by *Mr. Sullivan* and *Mr. Brossard.*

For the respondents there was a brief by *Lawrence A. Olwell* of Milwaukee, and oral argument by *Mr. Olwell* and by *Mr. C. T. Bundy* of Eau Claire.

KERWIN, J.    This case is ruled by *State ex rel. Pfister v. Widule, ante,* p. 48, 163 N. W. 641.

*By the Court.*—The judgment is reversed, with costs, and the cause remanded with instruction to affirm the assessment of income made by the income tax board of review of Milwaukee county and confirmed by the Wisconsin tax commission.

MARSHALL, J. (*dissenting*).    I dissent from the decision in this case for the reason assigned in *State ex rel. Pfister v. Widule, ante,* p. 48, 163 N. W. 641.

ROSENBERRY, J., concurs in the foregoing dissenting opinion.

ESCHWEILER, J. (*dissenting*).    I have the same reasons for dissenting in this case as are expressed in the case of *State ex rel. Pfister v. Widule, ante,* p. 48, 163 N. W. 641.