4]    AUGUST TERM, 1917.    287

State ex rel. Sallie F. Moon Co. v. Wis. Tax Comm. 166 Wis. 287.

STATE EX REL. SALLIE F. MOON COMPANY, Respondent, vs. WISCONSIN TAX COMMISSION, Appellant.

*May 17—December 4, 1917.*

*Income taxation: Tax not one on property: What incomes taxable: Dividends: When income of corporation has been "assessed:" Constitutional law: Validity of statute.*

1. The income tax under the state law is not levied upon and does not attach to property as such, but is a burden laid upon the recipient of an income, and the amount of the tax is measured by the amount of the income irrespective of the amount of specific property or ability necessary to produce or create it.

2. Any income received by a person during the tax year is, if not specifically exempted, taxable to that person irrespective of when it arose or accrued.

3. Although surplus which a corporation had on hand prior to January 1, 1911 (in which year the Income Tax Law took effect), was not assessable as income to the corporation, it was assessable as such to the stockholders when distributed to them as dividends after said date.

4. A ruling by the tax commission that such surplus in the hands of the corporation was not taxable was not an assessment thereof within the meaning of sub. (e), sec. 1087m—3, Stats. To constitute an assessment within the meaning of that statute, there must be an assessment or levy of a tax because of the existence of the fund as income.

5. The Wisconsin Income Tax Law, as construed by this court in this case, does not authorize taking of private property for public use without just compensation or without due process of law, nor deny to the relator the equal protection of the laws, in violation of Amendm. V, XIV, Const. of U. S.

    MARSHALL, ROSENBERRY, and ESCHWEILER, JJ., dissent.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Writ of *certiorari* to review the proceedings of the *Wisconsin Tax Commission* assessing the *Sallie F. Moon Company* an income tax on dividends received by it since January 1, 1911, as a stockholder of the Northwestern Lumber Company. The dividends were declared out of surplus on hand January 1, 1911. The Northwestern Lumber Com-

pany reported such surplus to the *Tax Commission,* which held it was not taxable to the Northwestern Lumber Company, as it was property in existence in its hands prior to the taking effect of the Income Tax Law. But the *Commission* held that when such surplus was, after January 1, 1911, distributed as ordinary dividends to its stockholders, such dividends constituted income to the stockholders and were taxable.

The circuit court held that the dividends were not exempt from taxation on the ground that they were declared out of surplus on hand prior to January 1, 1911, but it held that they were exempt because they had been assessed to the Northwestern Lumber Company within the meaning of sub. (e), sec. 1087m—3, Stats., and it entered a judgment reversing and setting aside the action of the *Tax Commission.* The latter appealed.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the respondent there was a brief by *Bundy & Wilcox* of Eau Claire, and oral argument by *C. T. Bundy.*

The following opinions were filed June 12, 1917:

VINJE, J. In *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509, it was held that dividends declared during 1911 by a corporation out of the surplus on hand prior to January 1, 1911, when the Income Tax Law went into effect, were taxable as income to the stockholders receiving them. That case governs this, and we perceive no good reason for overruling it. Our attention is specially called to the case of *Lynch v. Turrish,* 236 Fed. 653, as holding a contrary doctrine and as criticising the *Van Dyke Case.* There is nothing in the decision of the *Lynch Case* contrary to what is held in the *Van Dyke Case* if due regard is had to the difference in the acts under which they were decided. The federal income tax law took effect March 1, 1913. It pro-

vides that: "There shall be levied, assessed, collected and paid annually upon the entire net income arising or accruing from all sources in the preceding calendar year," an income tax.   38 U. S. Stats. at Large, 166, ch. 16, sec. II, A, sub. 1.   In the *Lynch Case* income taxes for 1913 were in question.   Under the act it became necessary to determine the net income of Turrish arising or accruing from all sources after March 1, 1913.   Since the tax was to be levied only upon net income arising or accruing after March 1, 1913, it became necessary by the terms of the act to ascertain the net income that had accrued since that date and to exclude all income arising or accruing before March 1, 1913.   Our act provides: "There shall be assessed, levied, collected and paid a tax upon incomes received during the year ending December 31, 1911, and upon incomes received annually thereafter."   Sec. 1087*m*—1, Stats. 1911.   And it further provides that: "The term income, as used in this act, shall include: . . . (d) All dividends . . . from stock."   Sub. 2 (d), sec. 1087*m*—2.   Hence, following the plain language of the law, if the dividends were derived from stock and if they were received during the year 1911 they were taxable.   Unlike the federal act there is no need to ascertain when the income arose or accrued in order to determine whether it is taxable.   The fact that it was received during 1911 makes it taxable irrespective of when it arose or accrued.   That such provisions of the law do not render it void was held in the *Income Tax Cases,* 148 Wis. 456, 134 N. W. 673, 135 N. W. 164.   It was there decided that the fact that the entire income for 1911 was taxed, though the law did not take effect till July 1, 1911, did not render the Income Tax Law retroactive.   Judge SANBORN was justified in saying in the *Lynch Case* that the *Van Dyke Case* was not controlling or persuasive.   But that was because of the difference in the requirements of the acts under which the income tax was to be assessed.

Much confusion of thought arises from regarding the income tax as a tax that is levied upon or attaches to property as such, irrespective of the person sought to be taxed. It is the recipient of the income that is taxed—not his property,—and the vital question in each case is, Has the person sought to be taxed received an income during the tax year? If so, such income, unless specifically exempted, is subject to a tax though the property out of which it is paid may have been exempt from an income tax in the hands of the payor. It is the relation that exists between the person sought to be taxed and specific property claimed as income to him that determines whether there shall be a tax. If the person sought to be taxed is the recipient during the tax year of such specific property as income in its ordinary significance, then the person is taxed. But the tax is upon the right or ability to produce, create, receive, and enjoy, and not upon specific property. Hence, the amount of the tax is measured by the amount of the income irrespective of the amount of specific property or ability necessary to produce or create it. In the ordinary acceptation of the term this may be said to be a tax upon income as the statute denominates it. But the tax does not seek to reach property or an interest in property as such. It is a burden laid upon the recipient of an income. *State ex rel. Manitowoc G. Co. v. Wis. Tax Comm.* 161 Wis. 111, 152 N. W. 848; *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87.

It follows from this that though the surplus on hand January 1, 1911, was not assessable as income to the Northwestern Lumber Company, it was assessable as such to the stockholders thereof when distributed as dividends during 1911. *Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509; *State ex rel. Pfister v. Widule, ante,* p. 48, 163 N. W. 641; and *State ex rel. Nunnemacher v. Widule, ante,* p. 55, 163 N. W. 644.

Sub. (e), sec. 1087m—3, Stats., provides that a corpora-

tion may deduct from its gross income "dividends or income received within the year from stocks or interest in any co-partnership, corporation, joint stock company or association, the income of which shall have been assessed under the provisions of this act." The Northwestern Lumber Company returned in its report to the *Tax Commission* the surplus on hand January 1, 1911, and the *Commission* held that such surplus in the hands of the Northwestern Lumber Company was not taxable. As we understand it, the circuit court held that since the *Commission* passed upon the taxability of this surplus in the hands of the Northwestern Lumber Company, it assessed it within the meaning of the statute above quoted. In this we think the court erred. This surplus was not assessed to the Northwestern Lumber Company within the meaning of the statute. It was property held exempt in its hands. To constitute an assessment within the meaning of the statute there must be the assessment or levy of a tax because of the existence of the fund as income. The surplus was not income to the Northwestern Lumber Company, but it was to its stockholders when distributed. Its exemption by the *Commission* in the hands of the Northwestern Lumber Company was not, therefore, an assessment within the meaning of the statute. The Income Tax Law contemplates that a tax shall be assessed once against all non-exempt income received after January 1, 1911. No tax was assessed against the Northwestern Lumber Company on account of this surplus, therefore it was properly assessed against its stockholders when distributed to them.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment affirming the action of the *Tax Commission.*

MARSHALL, J. (*dissenting*). I dissent from the decision in this case for the reason assigned in *State ex rel. Pfister v. Widule, ante,* p. 48, 163 N. W. 641.

ROSENBERRY, J.    I concur in the dissent of Mr. Justice MARSHALL.

ESCHWEILER, J. (*dissenting*).    For the same reasons expressed in the case of *State ex rel. Pfister v. Widule,* ante, p. 48, 163 N. W. 641.

The following opinion was filed June 22, 1917:

WINSLOW, C. J. (*concurring*).    I agree entirely with the decision in this case as expressed in the opinion of the court, and I add a few words only to notice a single contention made by respondent which is not specifically discussed in the opinion, namely, the contention that there is an irreconcilable conflict between the decisions in the *Van Dyke Case* (*Van Dyke v. Milwaukee,* 159 Wis. 460, 150 N. W. 509) and the *Bundy Case* (*State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158 N. W. 87).    This contention seemed to be practically acceded to by the attorneys for the *Tax Commission* upon the argument of the case, but we regard it as entirely unfounded.

The questions presented in the two cases were absolutely different.    In the *Van Dyke Case* a stockholder received a dividend declared *after* the Income Tax Law went into effect out of a surplus accumulated by the corporation *before* the law went into effect, and this court held that it was income received by the stockholder within the meaning of the law.

In the *Bundy Case* a stockholder received no dividend, but simply sold his stock in 1914 at exactly the price which he could have obtained for it January 1, 1911, and this court held that by this transaction he had received no income because his stock had not increased in value a farthing since the passage of the law, and it was said that the word "income" as used in the constitution and the statutes means profit or gain, and as there was no profit or gain there was no income.

There is plainly no conflict between these decisions.    Prop-

erty does not have to be created to constitute income. That which is principal in the hands of one person may be "income" when received by another. Suppose A. had property worth $10,000 in hand at the time the Income Tax Law went into effect and disposed of it a year later for exactly $10,000, he has received no income, but if he conveys it to B. as compensation for services, B. has clearly received an income and is subject to an income tax.

A corporation is one person, a stockholder in the corporation is a different person. Undivided profits in the treasury of the corporation belong to the corporation, not to the stockholder. They may be lost or squandered or put into improvements of the corporation property and never come to the hands of the stockholders. Such profits which were in existence at the time the Income Tax Law went into effect remain property so far as the corporation is concerned and in no sense income received by the corporation; but, when dividends are declared out of them, such dividends become in every proper sense income in the hands of the stockholders.

For these reasons we perceive no conflict between the two decisions.

The respondent moved for a rehearing.

In support of the motion there was a brief by *Bundy & Wilcox* of Eau Claire, and a separate brief by *Harry L. Butler* of Madison as *amicus curiæ*.

The following opinion was filed December 4, 1917:

PER CURIAM. Upon motion for rehearing the relator makes the specific claim that the Income Tax Law as construed by the court "authorizes taking of private property for public use without just compensation and without due process of law, and denies to relator the equal protection of the laws of the land, in violation of the Fifth and Fourteenth amendments to the federal constitution."

We have considered the arguments advanced in favor of this contention and do not find them convincing.

The other contentions advanced in support of the motion are not considered to be well founded.

Motion denied, without costs.