STATE EX REL. MOON and others, Respondents, vs. NY-
GAARD, County Clerk, Appellant.

*December 2, 1919—January 13, 1920.*

*Income taxation: Dividends of corporation from surplus: Holding
company: Right of stockholder to show dividend not from
earnings or profits.*

1. Under sub. 2 (b), sec. 1087m—2, Stats., as amended by ch. 247,
   Laws 1917, a stockholder in any corporation to whom there
   has been paid a sum of money under the designation of divi-
   dends has a right to show that such payment or dividend was
   made out of the capital or surplus and is therefore not tax-
   able, instead of out of the earnings or profits accrued since
   January 1, 1911, which would be taxable.
2. Where a stockholder of a corporation exchanged his stock 'for
   stock in a holding company, and the holding company re-
   ceived from the corporation a so-called dividend, paid out of
   the surplus and not out of the earnings or profits accrued
   after January 1, 1911, a dividend paid by the holding com-
   pany, resulting from such dividend from the surplus of the
   corporation, was not "income," within the meaning of sub.
   2 (b), sec. 1087m—2, as amended by ch. 247, Laws 1917.

APPEAL from a judgment of the circuit court for Eau
Claire county: JAMES WICKHAM, Circuit Judge. *Affirmed.*

The plaintiffs in this action were stockholders of the
Sallie F. Moon Company, a Wisconsin corporation. That
company was organized in 1906, and its capital stock of
$400,000 was issued to the mother of relators in considera-
tion of the transfer to it of her property, and among such
were 1,893 out of the 2,423 shares of the capital stock of
the Northwestern Lumber Company, also a Wisconsin cor-
poration. Although the charter of the Sallie F. Moon
Company authorized the dealing in real and personal prop-
erty, loaning money, general merchandising, manufactur-
ing, lumber and logging business, it appears that it func-
tioned merely as a holding company in collecting returns
from and conserving its assets and distributing them among
its stockholders.

January 1, 1911, the Northwestern Lumber Company had a surplus of $5,268,851.19. This was reduced from year to year thereafter by dividends declared from that as well as from its earnings, so that on January 1, 1915, the surplus was $4,548,688.93, and on January 1, 1916, $4,292,198.28.

The Northwestern Lumber Company made no profit in carrying on its business during the years 1915 and 1916 respectively, as appeared from its returns to the tax commission.

On the 1st of December, 1916 and 1917, resolutions were respectively adopted declaring a dividend of fifty per cent. on the outstanding capital stock of the Northwestern Lumber Company, payable out of the surplus fund that existed on January 1, 1911. Pursuant thereto payment was made in 1916 to the Sallie F. Moon Company of $47,325 and in 1917 of $94,650.

During the year 1917 the Sallie F. Moon Company paid to its stockholders dividends aggregating $38,035, of which $5,700 was paid to each of the three plaintiffs. Such dividends were substantially and in effect paid out of the moneys received from the Northwestern Lumber Company as above stated.

Due returns were made according to law by each of the said corporations and the relators as individuals of their respective incomes during the years in question.

Each of the relators claimed a deduction from his income subject to taxation to an extent of $5,322 from the $5,700 received from the Sallie F. Moon Company. Such several claims for deductions were allowed by the board of review of Eau Claire county on due hearing, thereby overruling the assessment made against such relators by the supervisor of assessors. The supervisor thereupon appealed to the tax commission of Wisconsin, and on the hearing before said body the action of the board of review was reversed and the assessment made by the supervisor of assessors con-

firmed. Thereupon the relators obtained a writ of *certiorari* from the circuit court for Eau Claire county to review such determination of the tax commission. Upon hearing in the court below it was adjudged that the assessment as taxable income made against each of the relators for the year 1917, so far as it was based on the dividend of $5,700 received from the Sallie F. Moon Company, must be vacated and set aside.

From the judgment so entered an appeal was taken to this court by the county clerk of Eau Claire county and by him as clerk of the county income tax board of review for said county.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the respondents there was a brief by *Bundy & Wilcox* and *P. M. Beach,* all of Eau Claire, and oral argument by *C. T. Bundy.*

ESCHWEILER, J.   The appellant contends that the money paid to the plaintiffs as stockholders of the Sallie F. Moon Company and designated as dividends is taxable income of the relators although the source of such dividends is a surplus accumulated prior to 1911 by the Northwestern Lumber Company and paid out by it to the Sallie F. Moon Company in 1917 as a result of severally declared dividends by the Northwestern Lumber Company in 1916.

The income tax law provides for the levying of a tax upon annual incomes.   Sub. 2, sec. 1087*m*—2, Stats., in defining the term "income," so far as material here now reads as follows:

"(b) All dividends derived from stocks and all interest derived from money loaned or invested in notes, mortgages, bonds or other evidence of debt of any kind whatsoever, *provided, that the term 'dividends' as used in this section shall be held to mean any distribution made by a corporation, joint-stock company or association, out of its*

*earnings or profits accrued since January 1, 1911, and paid
to its shareholders whether in cash or in stock of the cor-
poration, joint company or association.*"

The italicised portion of said sub. 2 (b) was added to the
statute as it then stood by ch. 247, Laws 1917, approved
May 21st.

The word "dividend" as used in the subsection prior to
the amendment had been construed in *Van Dyke v. Mil-
waukee,* 159 Wis. 460, 159 N. W. 509, to mean that "ordi-
nary dividends declared by a going corporation, including
mining corporations, will be conclusively presumed as
against stockholders to be from earnings or profits for pur-
poses of income taxation."    Page 464.

In *State ex rel. Bundy v. Nygaard,* 163 Wis. 307, 158
N. W. 87, the word "income" as used in the statute before
amendment was defined to be "profit or gain derived from
capital or labor, or from both combined. . . . It must be
gain or profit."

Subsequently the cases of *State ex rel. Pfister v. Widule,*
166 Wis. 48, 163 N. W. 641 (decided in June, 1917), and
*State ex rel. Sallie F. Moon Co.* (a Wisconsin corporation)
*v. Wis. Tax Comm.* 166 Wis. 287, 288, 163 N. W. 639,
165 N. W. 470 (decided in December, 1917, but argued in
May of that year), repeated what was said in the *Van Dyke
Case, supra,* as to the definition given to the word "divi-
dend."

We construe the legislative definition now applicable to
the term "dividend" as it stands in the amended sec.
1087m—2 as intended to now permit the opening of the
door of inquiry as to the source from which came the
money paid by a corporation to its stockholders, although
designated by it as dividends, the door which was in effect
declared in the prior cases completely closed.    The result
now is that a stockholder in any corporation to whom, as
stockholder, there has been paid a sum of money under the
designation of dividends has the right to show that such

payment or dividend was made out of capital or surplus and therefore not taxable, instead of out of earnings or profits accrued since January 1, 1911, which would be taxable. That the fund in question passes through the treasury of the Sallie F. Moon Company after leaving that of the Northwestern Lumber Company and before reaching the hands of the relators does not change the nature of the transaction. At no time on its passage from the first company to the relators does it meet the present definition of the dividend which is to be considered as part of the taxable income of an individual.

It follows that when, as here, the fund in question does not meet the definition of taxable income, it is unnecessary to consider the language of the same law providing for deductions and exemptions, for they are properly considered only in reference to that which would otherwise be taxable income.

Giving the words "earnings" and "profits" their plain, every-day meaning, the payments in question here are not profits or earnings accrued since January 1, 1911, to the Sallie F. Moon Company and therefore do not meet the present statutory definition of taxable income. The trial court was therefore right in his conclusion.

*By the Court.*—Judgment affirmed.

Winslow, C. J., and Siebecker, J., dissent.