FLORENCE M. TILTON *vs.* TAX COMMISSIONER.

LOUIS O. TILTON *vs.* SAME.

Middlesex.    March 21, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Tax,* On income.   *Corporation,* Stock dividend.   *Words,* "Accumulated profits."

A stock dividend declared by a foreign corporation solely by reason of an appreciation in the inventory value of land and buildings owned by it is taxable as income under St. 1916, c. 269, § 2 (b), and St. 1918, c. 252.

Two PETITIONS, filed in the Superior Court on June 9, 1920, under St. 1916, c. 269, § 20, for the abatement of income and war taxes assessed upon the petitioners under the provisions of that statute and of St. 1918, c. 252.

In the Superior Court the petitions were heard by *Lawton,* J., upon agreed statements of fact described in the opinion. He found the facts to be as therein stated and without further decision reported the cases to this court for determination.

Material portions of St. 1916, c. 269, § 2, are as follows:

"Section 2.   Income of the following classes received by any inhabitant of this Commonwealth during the calendar year prior to the assessment of the tax shall be taxed at the rate of six per cent per annum: . . .

"(b) Dividends on shares in all corporations and joint stock companies organized under the laws of any State or nation other than this Commonwealth, except national banks and except such foreign corporations as are subject to a tax upon their franchises payable to this Commonwealth under the provisions of sections forty-three and fifty-two of Part III of chapter four hundred and ninety of the acts of the year nineteen hundred and nine, and acts in amendment thereof and in addition thereto. . .

"No distribution of capital, whether in liquidation or otherwise, shall be taxable as income under this section; but accu-

mulated profits shall not be regarded as capital under this provision."

A. T. Smith, for the petitioners.

C. R. Cabot, Assistant Attorney General, for the respondent.

PIERCE, J. The petitioners in these two cases are husband and wife. During the time mentioned in these actions they were citizens of this Commonwealth and resided in the city of Newton. They duly filed with the respondent returns of income received during the calendar year 1917, and they were duly assessed by the respondent upon their incomes for that year income taxes amounting to $1,961.59 and $415.69 respectively and said amounts were levied upon each of them by said respondent under authority of St. 1916, c. 269. On October 15, 1918, they duly paid, under protest, one the said sum of $1,961.59 and the other the said sum of $415.69 to the income tax deputy of the Commonwealth of Massachusetts; the said sum of $1,961.59 consisting of $1,783.26 income tax for the calendar year ending December 31, 1917, and $178.33 war tax under St. 1918, c. 252; and the said sum of $415.69 consisting of $377.90 income tax for the calendar year ending December 31, 1917, and $37.79 war tax under the provisions of St. 1918, c. 252. On November 27, 1918, they each duly filed with the respondent a petition for the abatement of their said taxes. The respondent refused to abate either one of said taxes in whole or in part, and duly notified each of the petitioners of his refusal so to do. Thereupon the petitioners duly severally appealed to the Superior Court under St. 1916, c. 269, § 20, and a judge of that court reported the cases to this court without decision.

The petitioners in the year 1917 were stockholders in the Bronx Company, a corporation organized under the laws of the State of West Virginia. The accumulated profits of its business and the appreciation in inventory value of the land and buildings of this corporation equalled in value the original capital stock and were capitalized by the board of directors in 1917. The board of directors by meetings duly called for the purpose doubled the capital stock of the corporation and voted that "in distribution of capital from increase of market value of capital investment" each stockholder should receive in addition to his original holdings a like number of shares of stock of the company. As a result of

this vote the petitioner Louis O. Tilton received $5,000 in par value of stock and the petitioner Florence M. Tilton received $27,050 in par value of said stock. The property against which the additional stock was issued consisted of property of the value of $202,000 acquired from earnings or profits of the company prior to the year 1910; and $158,000 appreciation in inventory value of land and buildings owned by the corporation against which the original stock was in part issued, no part of said $158,000 being acquired from earnings or profits of the company. The amount of the tax paid by the petitioner Louis O. Tilton sought to be recovered in this action is $131.67 income tax and $13.16 war tax, making a total of $144.83; and the amount sought to be recovered in the case of Florence M. Tilton is $512.27 income tax and $71.12 war tax, or a total of $783.39; with interest on each of said total sums since November 27, 1918. These amounts are 158/360 of the taxes assessed, and paid by the petitioners, upon the said stock received by them.

In the cases at bar the single question presented is whether under St. 1916, c. 269, the receipt of the stock dividend, in value equal to the inventoried appreciation in value of capital assets, was the receipt of income or a distribution of capital.

In *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 535, 536, in deciding under St. 1916, c. 269, whether a stock dividend, declared and paid after the statute went into effect out of profits earned before it took effect, was taxable as income, it was said in answer to the argument that the accumulated profits were not income because they had become a part of the capital before 1916: "That which originally had been earnings . . . had never been distributed as a cash dividend or in any other form. Its use had been such as to add to the value of the capital. It doubtless had increased that value prior to 1916. But the act of the corporation in 1917 was in substance a distribution of certificates of title to represent this increment of value with all the advantages that might flow therefrom. It was the issuance to the stockholder of a new thing of value, transferable, transmissible and salable separate and apart from that which before he had possessed. 'Accumulated profits' as used in the statute are words of sufficiently comprehensive scope to include profits which had been earned and invested as had those here in question. The words 'accumulated profits' are

used as the antithesis of 'distribution of capital.' The latter would include payment of a part of the capital investment sold and returned to the shareholders, whereby the capacity of the corporation to carry on business was impaired or depleted."

We are unable to discern any difference between capital enlarged by an increase of market value of capital investment and capital enlarged by the addition of accumulated profits which makes a stock dividend, equal to the increase, — a distribution of capital in the one case, and a dividend of income in the other. In each case the certificate of the new stock "may have a materially greater value than the less tactile right to a share in the accumulated profits " or in the increase in value of the capital investment which the shareholder had before. And in each case after the capitalization and issuance of stock these assets can no longer be used for the payment of the dividends, since the surplus over capital has become added to the stockholder's original investment.

It follows that the commissioner refused rightly to abate the taxes in each case. And in each case judgment is to be entered for the respondent, with costs.

*Ordered accordingly.*