MILLER, Appellant, vs. TAX COMMISSION OF WISCONSIN, Respondent.

*December 5, 1927—March 6, 1928.*

*Income taxes: Transfer of capital assets to corporation in exchange for stock: No taxable gain realized.*

1. To give rise to income taxable as profits under sub. (2), sec. 71.02, Stats., there must be a sale of capital assets at a profit, and generally, but not necessarily, the sale must be for money; but mere exchanges of property constituting capital assets do not give rise to a taxable gain.  pp. 221, 222.

2. Where the owner of a cold-storage warehouse costing some $150,000 organized a corporation for convenience in carrying on the business and transferred the warehouse to it in exchange for its entire capital stock of $200,000 and a note for $10,000, it is *held* that, since the assets of the corporation represented the bare physical property transferred to it, the transaction was not a sale within the income tax law, and hence the difference between the value of the warehouse transferred and the stock and note received was not taxable as income. [*State ex rel. Van Dyke v. Cary,* 181 Wis. 564, distinguished.]  p. 222.

3. In applying income tax laws the courts look beyond the mere form to the substance of the transaction for the purpose of ascertaining its true nature.  p. 221.

CROWNHART, J., dissents.

APPEAL from an order of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge.  *Reversed.*

This action was brought by the plaintiff, *S. Miller,* to review an income tax assessment made by the *Tax Commission* against him under the provisions of sec. 71.155, Stats. A demurrer to the complaint was sustained.  The appeal is from the order sustaining the demurrer.

For the appellant there was a brief by *Goggins, Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

Briefs were also filed by *Simmons, Walker & Wratten* of Racine and by *Mason, Priestley & Hopkins* of Madison, as *amici curiæ*.

The following opinion was filed January 10, 1928:

Owen, J.   According to the allegations of the complaint, the transaction upon which the plaintiff was assessed an income tax may be briefly stated as follows: The plaintiff had entered upon the construction of a cold-storage warehouse upon property within the right of way of the Soo Railroad Company, which he held under lease from that company, with a view of engaging in the cold-storage warehouse business in the city of Marshfield, Wisconsin.  Before the warehouse was completed, as a matter of convenience in carrying on said proposed business, plaintiff organized a corporation under the laws of the state of Wisconsin, under the name of S. Miller Cold Storage Company, with an authorized capital stock of $200,000.  He transferred the cold-storage warehouse to this corporation in exchange for the entire capital stock and its promissory note in the sum of $10,000.  He expended in the completion of the warehouse the sum of $155,764.77.  He was assessed an income tax upon the difference between this amount and $210,000, the face or par value of the stock received by him from the corporation plus the $10,000 note.  He contends that this transaction does not give rise to an income upon which a tax may be imposed.

By sec. 71.02 of the Statutes the term "income" is defined to include, among other things, "(d) All profits derived from the transaction of business or from the sale of real estate or other capital assets."  "(h) And all other gains, profits or income of any kind derived from any source whatever except such as hereinafter exempted."  It is necessary to analyze this transaction to ascertain whether it resulted in income.  "Income may be defined as the gain derived from capital, from labor, or from both combined, pro-

vided it be understood to include profit gained through a
sale or conversion of capital assets." *Eisner v. Macomber,*
252 U. S. 189, 40 Sup. Ct. 189; *Merchants' L. & T. Co. v.
Smietanka,* 255 U. S. 509, 41 Sup. Ct. 386, 15 A. L. R.
1305. "Income indicates increase of wealth in hand out of
which money may be taken to satisfy the enforced pecuniary
contributions levied to help bear the public expenses. It does
not comprehend increase in the value of capital investment
discernible only by estimation and not otherwise. It refers
simply to an increase in value realized by sales or conversion
of capital assets." *Bingham v. Commissioner, etc.* 249
Mass. 79, 144 N. E. 77, 33 A. L. R. 809.

It has never been held that the mere exchange of prop-
erties constituting capital assets gives rise to a gain upon
which an income tax may be imposed. In order to give rise
to an income there must be a sale of capital assets at a profit.
Generally but not necessarily the sale must be for money.
The transaction should be one that constitutes a sale rather
than a mere exchange of properties. If the property trans-
ferred is compensated by bonds or other securities possessing
a fixed market value and which can readily be converted into
cash, the transaction probably constitutes a sale. But where
a farm, for instance, is exchanged for another farm, the
transaction is commonly regarded not as a sale but as a mere
exchange of properties.

Did the transaction here under consideration amount to a
sale or a mere exchange of properties? In applying income
tax laws courts will look beyond the mere form to the sub-
stance of a transaction for the purpose of ascertaining its
true nature. *U. S. v. Phellis,* 257 U. S. 156, 168, 42 Sup.
Ct. 63; *Cliffs Chemical Co. v. Wisconsin Tax Comm.* 193
Wis. 295, 214 N. W. 447. Granting that the transaction
here in question was a sale in form, was it a sale in sub-
stance? What plaintiff did was to incorporate his business.
All of the property acquired by the corporation was trans-

ferred to it by the plaintiff, and the plaintiff received all of the authorized stock of the company. Manifestly he exercised the same control over the property through his ownership of all the stock in the corporation that he had exercised before. The value of the stock received by him represented nothing more than the value of the property which he had conveyed to the company. He had not conducted any cold-storage business. He had established no good will. The assets of the corporation represented the bare physical property which he had transferred to it. His wealth represented by the stock of the corporation was exactly equivalent to the value of the property which he had conveyed to the corporation. Although he had received a note from the corporation in the sum of $10,000, it was in effect his note. Of course in legal contemplation it was the note of the corporation, and the corporation was a separate entity. But in fact and in substance it was his note, and the value represented by the stock and the note was simply the value of the property which he had transferred to the corporation. The transaction did not even amount to an exchange of properties. His interest in the property was simply evidenced by a different muniment of title. His interest in and control over the property remained the same. The transaction did not amount to a sale within the meaning of the income tax law and could not give rise to any profit upon which an income tax could be assessed.

The contention of the *Tax Commission* that the transaction does give rise to a taxable income is based upon *State ex rel. Van Dyke v. Cary,* 181 Wis. 564, 191 N. W. 546, where it was held that for income tax purposes stock dividends should be valued at par, upon the theory that the stockholder would not be heard to say that stock so issued was worth less than par, in view of the fact that the statute (now sec. 184.07) prohibits the issuance of any stock by a

Miller v. Tax Commission, 195 Wis. 219.

corporation except for money or property actually received by it of the face value of the stock so issued. Before the rule there stated can be applied in the instant case, however, it must first be determined that the transaction here under consideration gave rise to a taxable income. What the *Tax Commission* seeks to do is to apply the doctrine of *State ex rel. Van Dyke v. Cary, supra,* to the facts in this case in order to establish an income, their contention being that the plaintiff is estopped to deny that the stock received by him in exchange for the warehouse property is of the value represented by its face. This is not a legitimate use of the rule there announced. Whether the transaction gives rise to a taxable income must depend upon the real substance of the transaction. If the transaction were such as to give rise to a taxable income it would then be time to consider whether the doctrine of *State ex rel. Van Dyke v. Cary, supra,* should be applied to determine the amount of the income. That rule, however, does not characterize a given transaction as an income or non-producing income transaction. The transaction here in question did not increase the wealth of the plaintiff. It yielded him no income, and there is nothing upon which an income tax can be imposed.

We find reassurance as to the correctness of this conclusion in the fact that the legislature of 1927 expressly declared that "No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock in such corporation, and immediately after the exchange such person or persons are in control of the corporation; but in case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock received by each is substantially in proportion to his interest in the property prior to the exchange." Sec. 71.02 (2) (i) 3. While this statute was enacted subsequent to the making of the assessment here in question and, consequently,

not controlling in this case, it sets at rest any question of public policy involved, and stands as a legislative response to the contention of the *Tax Commission.*

*By the Court.*—Order reversed, and cause remanded with instructions to overrule the demurrer.

The following opinion was filed January 16, 1928:

CROWNHART, J. (*dissenting*).    Sec. 182.06, Stats., provides:

"No · corporation shall issue any stock or certificate of stock except in consideration of money or of labor or property estimated at its true money value, actually received by it, equal to the par value thereof, . . . and all stocks and bonds issued contrary to the provisions of law and all fictitious increase of the capital stock of any corporation shall be void."

Therefore, the stock received by appellant is presumed to have been worth par or $200,000.   There is no dispute but that the note was worth par or $10,000; there is no dispute but that the property turned in to the corporation by appellant cost appellant only $155,000; therefore he made a profit on the deal of $55,000, subject to income tax.

In *State ex rel. Van Dyke v. Cary,* 181 Wis. 564, 191 N. W. 546, we held that a corporation is estopped to deny that stock issued by it pursuant to sec. 182.06, Stats., was worth less than par value.   This court there said:

"Its stamped or mint value, so to speak, as so issued by the corporation and delivered to and received by the relators at the time of the distribution must be considered and assumed to be then of the par value expressed and stamped on the face thereof.   Otherwise it is a fictitious increase and void in whole or in part under the above quoted statute. It being properly considered as taxable income, neither the corporation that issued it nor the stockholders who received it ought to be heard to say that as so issued by the corporation and received by the relators it was of less value than that which the statute directs must be its then true money

value—par: Its selling value thereafter is immaterial. But being assessable as income, and of the moment of issue and distribution by the corporation and receipt by the stockholders, it should, for taxing purposes at least, be treated as of par value."

That principle is as true here as there. The appellant here claims to have been the corporation, organizing it and becoming its sole stockholder. Thus, upon his own showing, he is estopped from denying the value of the property he turned in to the corporation as a basis for the stock issue was worth less than the par value of the stock issued, or that the stock was worth less than the represented value, that is, par.

The action in the circuit court was begun pursuant to sec. 71.115 of the Statutes, which has been construed by this court, in *Oconto Co. v. Wis. Tax Comm.* 193 Wis. 488, 214 N. W. 445, as providing an equitable remedy for overassessment. To avail himself of this remedy the appellant had to come into court with clean hands. His hands were unclean,—he alleged a fraud by him upon the corporation, and a violation of a public policy statute in the organization of the corporation. He should not be heard to show his fraud to defeat the tax.

The court finds assurance of the soundness of its decision from the act of the legislature of 1927 providing a similar policy for the future. I see nothing in this to warrant the court in its conclusion; on the contrary, it would appear that the legislature recognized the law as the *Tax Commission* had applied it, and deemed it advisable to change it. That was a proper function of the legislature but hardly the function of this court.

I think the judgment of the circuit court should be affirmed.

A motion for a rehearing was denied, without costs, on March 6, 1928.