LEHMAN, Appellant, vs. TAX COMMISSION and another, Respondents.

*March 8—April 5, 1932.*

*Maurice Weinstein* of Milwaukee, for the appellant.

For the respondents there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, *George A. Bowman,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant corporation counsel, and oral argument by *Mr. Perry* and *Mr. Seibold.*

OWEN, J.   In 1924 the petitioner, Herman Lehman, incorporated his restaurant business and transferred certain assets and property owned by him in his individual capacity, of the value of $72,253.20, to the corporation formed by him and known as Boston Lunch, Inc., in exchange for $85,000 of the capital stock of Boston Lunch, Inc., said corporation assuming liabilities of Mr. Lehman amounting

to $14,334.04. The net assets transferred to the corporation, therefore, amounted to $57,919.16.

On or about September 16, 1926, the assessor of incomes of Milwaukee county made an audit of the tax liabilities of Mr. Lehman for the year 1924, and concluded that he realized a taxable net gain of $27,081.84 by virtue of this transaction, on which amount he assessed an additional income tax to Mr. Lehman. Before making this assessment the assessor notified Mr. Lehman of his intention so to do. Mr. Lehman made no objection. The income tax assessor thereupon assessed the additional tax, advised Mr. Lehman that it was due and payable February 1, 1927, and that if he had objections to the tax he could appeal to the county board of review. Mr. Lehman took no appeal to the county board of review, made no objection of any kind to the validity of the tax, and paid the same on February 11, 1927.

After the decision of this court in *Miller v. Tax Commission,* 195 Wis. 219, 217 N. W. 568, holding that no taxable income resulted from similar transactions, Mr. Lehman filed a claim for refund of the amount of the additional tax thus levied, under sec. 71.17, Stats. 1927, with the income tax assessor of Milwaukee county. The income tax assessor disallowed the claim. Upon appeal to the board of review of Milwaukee county the board allowed the claim. Upon further appeal to the Tax Commission the claim was disallowed, and upon appeal to the circuit court for Milwaukee county the claim was again disallowed. The appeal here is from the judgment of the circuit court for Milwaukee county disallowing the claim for refund, and the sole question presented for our consideration is whether petitioner is entitled to the refund.

The claim was filed under the provisions of sec. 71.17, Stats. 1927, and it is frankly conceded in the brief of appellant's attorney that the petitioner's right to the refund must be found in that section. That section recently received the

deliberate consideration of this court in *Whitbeck v. Tax Commission, ante,* p. 58, 239 N. W. 655, and again in an opinion upon rehearing in that case, to be found in 240 N. W. 804. While the question there presented was the right of the taxpayer to the refund of a tax paid by virtue of an initial assessment rather than an additional assessment, as is the case here, sec. 71.17 was given extended consideration, and the reasons upon which the conclusion in that case rested sustains the conclusion which we feel compelled to announce here.

Sec. 71.17 (5) accords to any taxpayer whose claim for refund has been denied by the Tax Commission the right to appeal to the court "if the person filing the same [claim] shall have availed himself of the remedies provided in sections 71.14 and 71.15." Sec. 71.14 provides as follows:

"No person against whom an assessment of income tax has been made shall be allowed in any action or proceeding either as plaintiff or defendant to question any assessment of income, unless written objections thereto shall first have been presented in good faith to the Tax Commission in all cases of assessment made by such commission or to the county board of review in case of all assessments made by assessors of income, and full disclosure made under oath of any and all income of such party liable to assessment, and unless such person shall have availed himself of the remedies provided in section 71.12."

While this section of the statutes was amended in some respects by ch. 539, Laws of 1927, in so far as it relates to the petitioner's rights it was not affected by that amendment.

Sec. 71.14, Stats. 1925, was:

"No person subject to assessment by the county assessor shall be allowed in any action or proceeding to question any assessment of income, unless objections thereto shall first have been presented to the county board of review in good faith and full disclosure made under oath of any and all income of such party liable to assessment."

During the entire period from the time the tax complained of was imposed down to the present time, the policy of our statutes required the taxpayer to manifest his objections to the imposition of an income tax to the county board of review, and unless such objection is timely brought to the attention of that body he is barred from further questioning the propriety of the assessment. Whatever may be the scope or purpose of the present sec. 71.17, enacted by ch. 539, Laws of 1927, it is plainly evident that no one claiming a refund shall have the right to appeal from the Tax Commission to the court unless timely objections were made to the assessment resulting in the tax complained of before the proper county board of review. This is an essential prerequisite to the right of the taxpayer to press his claim beyond the jurisdiction of the Tax Commission. The failure of the present petitioner to make objections to the additional assessment before the board of review bars his right to any judicial relief.

*By the Court.*—Judgment affirmed.